IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 80953-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| AMBER KAY ELLIOTT, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

PER CURIAM — Amber Elliott appeals the judgment and sentence imposed following her conviction for first degree identity theft. She contends that the trial court waived all discretionary legal financial obligations, but that the judgment and sentence erroneously requires her to pay the costs of supervision by the Department of Corrections. The State concedes that this condition should be stricken because the sentencing court clearly intended to impose only mandatory legal financial obligations. See State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2020) (striking DOC supervision fee where "[t]he record demonstrate[d] that the trial court intended to impose only mandatory LFOs"). Elliott also contends, and the State concedes, that the judgment and sentence must specify that any funds subject to the Social Security Act's anti-attachment statute, 42 U.S.C. § 407(a), may not be used to satisfy her legal financial obligations.

We accept the State's concessions, and remand to the trial court to strike the supervision fee and amend the judgment to reflect that legal financial obligations may not be satisfied from Elliott's social security benefits.

FOR THE COURT:

Brunner, J

Smith, J.

Andrus, A.C.J.